STETSON, ADMR., APPELLEE, v. HOYT ET AL.; YOUNG, ADMR., APPELLANT.

(No. 985—Decided April 14, 1941.)

*Mr. Frank M. Wilcox,* for appellee.

*Messrs. Young & Young,* for appellant.

WASHBURN, J. The appellee is the administrator *de bonis non* of the estate of Bruce McDonald, who was the husband of Ida McDonald. Bruce McDonald died, and Ida McDonald was his administrator. She died before completing the administration of said estate, and appellee was appointed as administrator *de bonis non* in her place.

The appellant is the administrator of the estate of Ida McDonald, and the controversy is whether or not Ida McDonald, when she died, had a lien for her allowance provided for by Section 10509-54, General Code, upon the real property of the estate of her husband, Bruce McDonald. The Probate Court determined that she did not have such lien.

The husband's administrator, the appellee, brought an action to sell real estate, and the wife's administrator, the appellant, was made a party on his motion and filed an answer and cross-petition claiming such lien, and the question was raised by the appellee's demurrer

to said answer and cross-petition, on the ground that it did not state facts sufficient to constitute either a defense to the petition of appellee or a cause of action establishing such lien.

The wife, while she was administrator of the estate of her husband, selected certain articles of personal property in accordance with the provisions of said section, but took no action in reference to a claim for the balance of her allowance as surviving spouse of her husband, provided for in said section, and that is the claim for which her administrator sought to establish a lien on the real estate.

There was also involved a claim as to some of the personal property selected by her, which the husband's administrator *de bonis non* had sold, the proceeds of which he had in his possession.

The Probate Court overruled said demurrer as to the claim in reference to the personal property, but sustained it as to the controversy involving said lien, and its journal entry recites that neither party desired to plead further; whereupon final judgment was entered establishing the claim of appellant, Don J. Young, administrator of the estate of Ida McDonald, deceased, against the estate of Bruce McDonald for said personal property, and denying the administrator of Ida McDonald any lien upon the real property of the estate of Bruce McDonald for the aforementioned balance of her allowance. The latter part of said judgment is the only matter for determination which is before this court; and the solution depends upon a construction of said section.

As we construe the section, no selection or other action was required of the wife in order to be entitled to a lien on her husband's real estate for such balance of her allowance.

Referring only to such part of the section as we consider relative, the section provides that "when a person dies leaving a surviving spouse," such spouse may

select certain enumerated articles of personal property, which shall not be deemed as assets of the estate or administered as such, "not exceeding in value twenty per centum of the appraised value of the property, real and personal, comprised in the inventory," and, "if the personal property so selected be of less value than the total amount which may be" so selected, said spouse *"shall receive* such sum of money as shall equal the difference between the value of the personal property so selected and such amount, and such sum of money shall be a charge on all property, real and personal, belonging to the estate * * *." (Italics ours.)

In our opinion, this section gives to such spouse such balance as a matter of law, without her taking any action in reference thereto, and her administrator is entitled to receive the same, to be administered as a part of her estate. Therefore, the Probate Court was in error in determining that the administrator of her estate was not entitled to such balance and in entering judgment accordingly.

As to the question of interest, about which complaint is made, it is the judgment of this court that the balance due such spouse is not such a claim as draws interest, but is to be paid when the estate is distributed according to law.

The part of the judgment denying to appellant a lien upon the real property of the estate of Bruce McDonald for the amount of such balance, is reversed, and the cause is remanded to the Probate Court for further proceedings in the administration of said estate in accordance with law and this opinion.

*Judgment reversed and cause remanded.*

Doyle, P. J., and Stevens, J., concur.